UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LIVINGSTON & MATTESICH LAW CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>ARIZONA BEVERAGE COMPANY LLC, a New York limited liability company; BEVERAGE MARKETING USA, INC., a New York business corporation; FEROLITO AND VULTAGGIO LTD., a New York business corporation; FEROLITO, VULTAGGIO & SONS, a business entity of unknown form; and HORNELL BREWING COMPANY, INC., a New York business corporation,<br><br>    Defendants. | NO. CIV. S-05-0393 WBS DAD<br><br>ORDER RE: PLAINTIFF'S MOTION TO FILE UNDER SEAL |

----oo0oo----

Plaintiff seeks to file under seal its reply to defendants' opposition to plaintiff's motion for partial summary judgment upon the ground that these papers will contain discussion of legal advice it gave to one or more defendants in a prior case handled for one or more defendants, as well as the

1

fees charged for those matters.  Plaintiff submits a declaration from its counsel of record stating that defendants' counsel orally represented to her that defendants do not object to this application, but do not join in it.  (Halko Decl. ¶ 3).

A failure to object is not the same as a joinder in the motion.  As it stands, plaintiff's ex parte application to file under seal is insufficient to overcome the presumption in favor of public access to judicial records.  See Nixon v. Warner Communications, 435 U.S. 589, 602 (1978).  Although federal courts recognize an attorney-client privilege under Federal Rule of Evidence 501, Swidler & Berlin v. United States, 524 U.S. 399, 403 (1998), the privilege belongs to the client and not the attorney.  United States v. Partin, 601 F.2d 1000, 1009 (9th Cir. 1979).

It is unclear to the court whether the parties in this case agree that the subject information is protected by the attorney-client privilege and that such privilege has not been waived by defendant here.  See Gomez v. Vernon, 255 F.3d 1118, 1131 (9th Cir. 2001)("The privilege may be waived by the client either implicitly, by placing privileged matters in controversy, or explicitly, by turning over privileged documents.").

Therefore, the court will permit the reply papers to be filed under seal only if within ten days from the date of this order:

(1) defendants affirmatively file with the court, in writing, their intention to join the motion to seal these documents; and

(2) defendants and plaintiff file with the court a

1 stipulation that the attorney-client privilege has not been
2 waived.
3     Otherwise, the reply papers will be ordered filed not
4 under seal.
5     IT IS SO ORDERED.
6 DATED: July 1, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3